IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>HILLCREST RESORT, INC., et al.,<br>  Defendants. | Case No. 4:15-cv-04194-SLD-JEH |

**Report and Recommendation**

  Now before the Court is Plaintiff United States of America's Motion to Approve the Marshal's Report and Confirm Judicial Sale (Doc. 86), Defendants Hillcrest Resort, Inc. (Hillcrest) and Terri Kosth's Motion to Vacate Marshal's Sale (Doc. 96), the parties' Responses (Docs. 95, 97), and the Defendants' Reply (Doc. 99) in support of their Motion to Vacate. This matter has been referred for a Report and Recommendation. The Motions are fully briefed, and for the reasons stated herein, the Court recommends the United States' Motion to Approve the Marshal's Report and Confirm the Judicial Sale be denied and the Defendants' Motion to Vacate Marshal's Sale be granted.

I

  On November 30, 2015, the Plaintiff on behalf of the Small Business Administration (SBA), an agency of the United States Government, filed its Complaint for a judgment to foreclose its mortgage dated March 24, 1994 granted to the SBA by Defendant Hillcrest. Defendant Terri Kosth's (Kosth) husband, Daniel Kosth, previously placed his one-third stock interest in Hillcrest in Terri's name and thus she was named as a defendant. When acquired by Hillcrest, the

subject property located in Orion, Illinois was an abandoned 40-acre golf course and recreation area. The mortgage in the property was granted to the SBA as security for $151,000 Hillcrest borrowed from the SBA to do repair work on the property. The background of this case is set forth in greater detail in the Court's September 28, 2017 Order (Doc. 69).

Several defendants in this case (including unknown owners and non-record claimants) defaulted, others filed answers asserting liens against the property, and Defendants Hillcrest and Kosth filed a joint answer. The Plaintiff thereafter sought summary judgment against the four defendants who answered, and it sought judgment against Defendant Hillcrest for the full amount of outstanding debt, an order that its lien on the property had priority over all other interests, and an order of foreclosure. The Plaintiff also filed a motion for default judgment against the defaulted defendants in which it asked the Court to enter a judgment of foreclosure on the property.

In its September 28, 2017 Order (Court's Order), the Court found the Plaintiff was entitled to summary judgment against Defendant Hillcrest for the amount due on the note and was further entitled to summary judgment against the other three defendants, including Kosth, with respect to the superiority of its lien over all other interests in the property. The Court also found the Plaintiff was entitled to default judgment against the defaulted parties, and they were thus foreclosed from asserting their claim, if any, to the property. Finally, the Court found the Plaintiff was entitled to foreclose the property. The Court ordered, among other things, that "[t]he property is commercial real estate and Hillcrest has waived all rights to redemption," and "[t]he real estate shall be sold by the United States Marshal for the Central District of Illinois . . . ." (Doc. 69 at pg. 11), at ¶¶6, 7. The Court's Order further provided, in relevant part:

> The U.S. Marshal for the Central District of Illinois shall give public notice of the sale as follows:
>> a.  The notice of sale shall include the following information, although an immaterial error shall not invalidate the legal effect of the notice:
>>> \* \* \*
>>> ii.  The common address and other common description of the real estate;
>>> iii. A legal description of the real estate sufficient to identify it with reasonable certainty;
>>> iv.  A description of the improvements on the real estate;
>>> \* \* \*

(Doc. 69 at pgs. 12-13). The Clerk entered a judgment of foreclosure on October 2, 2017.

Though the Plaintiff filed a Notice of Marshal's Sale (Doc. 72) on March 9, 2018[1], it appears that nothing became of that notice as nothing further was filed in this case until October 29, 2018 when the Plaintiff filed a Motion to Substitute Attorney. On March 13, 2019, another Notice of Marshal's Sale (Doc. 74) was filed which provided that the sale would occur on May 7, 2019. It did not include any provision describing the improvements on the subject property. A certificate of service was attached to that Notice. On April 25, 2019, a Certificate of Publication of Sale (Doc. 75) was filed which presented the section of the Star Courier Newspaper wherein the Notice of Marshal's Sale appeared and an individual's certification that the notice was printed and published in that newspaper on the four provided dates. That Notice of Marshal's Sale included the same information that the one filed with the Court on March 13, 2019 included; it once again did not include a description of the improvements on the subject property. On July 22, 2019, the Plaintiff filed the United States' Marshal's Report of Sale (Doc. 84) which

---

[1] This is the docket entry Defendants incorrectly insist was filed on March 9, 2019.

3

provided that the subject property was sold to the highest bidder for the sum of $285,000.00 on May 7, 2019. The Plaintiff filed its Motion to Approve the Marshal's Report and Confirm Judicial Sale on July 25, 2019, and the Defendants filed their Motion to Vacate Marshal's Sale on August 30, 2019.

In its Motion to Approve the Marshal's Report and Confirm Judicial Sale, the United States argues[2] that the sale complied with all applicable provisions of the Illinois Mortgage Foreclosure Act (Act), 735 ILCS 5/15-1501, *et seq*. Specifically, the Plaintiff argues that none of the exceptions outlined in Section 1508(b) apply to this case because: the sale was properly noticed in accordance with Section 15-1507(c)(2)(B) and 28 U.S.C. § 2002; the terms of the sale were not unconscionable as the high bid of $285,000.00 was an adequate price for the subject property and there were no irregularities with the sale; the Marshal conducted the sale in accordance with all applicable provisions of the Act and the requirements of the Court's Order; and there is no evidence of fraud, or that justice was not otherwise done for purposes of the sale. The Plaintiff further argues that the unsubstantiated allegations in Hillcrest's motion for extension to answer cannot prevent confirmation of the sale as the Defendants' claims are solely against the United States and relate to a misrepresentation of an agreement[3] that expired more than two months before the judicial sale. The Plaintiff contends such claims do not fall within the limited exceptions presented in Section 15-1508(b). Finally, the Plaintiff argues that if Hillcrest wants to advance a breach of contract theory, the Court of Federal Claims is the exclusive forum for that claim.

---

[2] The Plaintiff makes an oblique argument that Defendant Hillcrest does not have standing to make any challenge or claim in this action. The Court does not consider the argument as it is undeveloped in any event.

[3] "The United States agreed to delay the judicial sale for more than a year to allow [Daniel] Kosth time to sell his personal residence in Silvis, Illinois . . . harvest a substantial ginseng crop, and pay the outstanding SBA judgment in full." Plf's Motion to Approve (Doc. 86 at pg. 5). The Plaintiff further represents that Hillcrest was given more than 19 months to pay the outstanding SBA loan balance in full prior to the May 7, 2019 judicial sale.

In their Response to the Motion to Approve, Defendants Hillcrest and Kosth argue that the Plaintiff consistently attempts to prejudice this Court's ruling by raising irrelevant and immaterial matters as the substance of some of its arguments, that the Defendants do not intend to discuss straw arguments set up by the Plaintiff in its Motion to Approve, that the Plaintiff does not want the Court in this equity action to give any weight or relevance to the promises and representations which it made to Defendants regarding delaying the Marshal's sale, and that the Defendants incorporate into their Response the arguments they make in their Motion to Vacate. In that Motion to Vacate, they argue: the Notice of Sale to non-defaulted parties violated Section 15-1507(c)(3) of the Act; the Plaintiff failed to comply with the certification requirements under Section 15-1507(c)(3); the public notice violated Section 15-1507(c)(1)(D); the Plaintiff improperly asks the Court to approve an inaccurate and misleading Marshal's Report and then to confirm the sale based upon that report; the sale price at the Marshal's sale was grossly inadequate, violating Section 15-1508(b)(iv), both when coupled and not coupled with defective public notice; the Plaintiff is precluded from requesting the Court to confirm the sale since the Plaintiff is proceeding with that sale with unclean hands in contravention of its prior agreement and without doing justice; and a corrected report will show the debt to the Plaintiff has been paid in full.

The Plaintiff responds that the judicial sale was properly noticed, the sale notice sufficiently identified the subject property as it included the common address and legal description and did not state or imply the property was vacant land, the Marshal's Report is not misleading or inaccurate, the sale price is adequate and reasonable, and the Defendants' purported unclean hands defense is frivolous, untimely, and improper. In their Reply, the Defendants reiterate their arguments.

II

Section 15-1508 of the Act provides, in relevant part:

> Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall be not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale.

735 ILCS 5/15-1508(b). Trial courts have broad discretion in approving or disapproving sales made at their direction. *Firstar Bank NA v. Goldman*, Case No. 02 C 5424, 2004 WL 1212099, at *2 (N.D. Ill. June 2, 2004) (citing *In re Roswell*, 603 N.E.2d 753, 756 (Ill. App. 1992)).

While the Plaintiff argues none of the exceptions outlined in Section 15-1508(b) apply such that the sale should be confirmed, Defendants Hillcrest and Kosth contend the publication notice in this case violated Section 15-1507(c)(1)(D), one of the four grounds which may preclude the Court from confirming the sale. Section 15-1507(c)(1)(D) provides:

> (c) Notice of Sale. The mortgagee, or such other party designated by the court, in a foreclosure action under this Article shall give public notice of the sale as follows:
>> (1) The notice of sale shall include at least the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice . . .
>>> (D) a description of the improvements on the real estate[.]

As indicated above, the Court's Order directed that the U.S. Marshal for the Central District of Illinois "shall give public notice of the sale[.]" (Doc. 69 at pg. 12). The Court thereafter incorporated Section 15-1507(c)'s requirements as to what was to be included in the notice of sale, and expressly provided such notice

6

"shall include . . . [a] description of the improvements on the real estate." (Doc. 69 at pg. 13), at ¶10.a.iv.

Neither the Plaintiff's Notice of Marshal's Sale filed on March 13, 2019 nor the actual Notice of Marshal's Sale published in the Star Courier Newspaper between April 2, 2019 and April 23, 2019 included any description whatsoever of the improvements on the real estate. The Defendants identify those improvements in their Motion to Vacate Marshal's Sale to include: a restaurant/sports club (with seating for approximately 120 people inside and 120 on the patio); an Olympic-size swimming pool; a golf course; parking lots; two pavilions; a natural amphitheater, RV parking spaces (some with and some without full hook-ups); and campgrounds. Dfts' Motion to Vacate (Doc. 96 at pg. 7); *see also* Daniel Kosth Aff. (Doc. 96-3 at pg. 2), at ¶5. Such an error of omission is *not* immaterial.

As the Defendants argue, the failure to include a description of the improvements on the subject property failed to inform the public regarding the unique character of the property. There is no way to know whether potential bidders refrained from doing so because of a misapprehension that the property was undeveloped land or that actual bidders refrained from bidding higher because of such a misapprehension. An additional argument the Defendants make is that the sale should not be confirmed due to the inadequate sale price. The Court is in no position to reject that contention at this time as that may be true under the current circumstances, given the inadequate notice which failed to comply with the Act or the Court's Order. *See Cragin Fed. Bank for Savs. v. Am. Nat'l Bank and Trust Co. of Chi.*, 633 N.E.2d 1011, 1015 (Ill. App. 1994) ("That the public sale did not attract a party willing to purchase for substantially its value would suggest that the notice was inadequate").

The fact that the Notice included the property's common address and legal description, additional information which was *required* by the Court's Order and

by Section 15-1507(c)(1), does not render the Notice sufficient. Even if the high bidder was aware of the improvements on the subject property, as the Plaintiff argues, that is beside the point. The fact remains the Notice failed to comply with the Court's Order and Section 15-1507(c)(1) by failing to include a description of the improvements on the property. *See World Savs. and Loan Ass'n v. Amerus Bank*, 740 N.E.2d 466, 472 (Ill. App. 2000) ("Where an order of the court directs the manner of the sale of real estate, the officer making the sale derives his authority to do so from the order of the court alone"). It also does not matter that the United States is not seeking a deficiency judgment (as the Plaintiff points out in its Motion to Approve); the Court cannot ignore the possibility that the sale price was less than it may have been such that Hillcrest's debts could have been reduced further still had the Plaintiff's notice been proper.[4]

Section 15-1508(d) provides, in relevant part:

Except as provided in subsection (c) of Section 15-1508, no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same, or in the proceedings of the officer conducting the sale, except upon good cause shown in a hearing pursuant to subsection (b) of Section 15-1508.

The Defendants have established good cause to set aside the Marshal's sale in this case for the reasons set forth above, namely, the notice of sale violated the Court's Order and the notice may have precluded the United States from soliciting a higher sale price for the subject property. Because the undersigned finds the Plaintiff's Notice of Sale fatally failed to comply with the Court's Order and Section 15-1507(c)(1)(D) of the Illinois Mortgage Foreclosure Act, the Court will

---

[4] In its Motion to Approve the Marshal's Report and Confirm Judicial Sale, the United States provides that the current high bid is sufficient to pay the outstanding debt secured by the SBA's first priority lien and is "also sufficient to pay the *majority* of the debt secured by US Bank and National Association's second priority lien." (Doc. 86 at pg. 3) (emphasis added).

8

accordingly not consider the parties' remaining arguments, as this finding renders those arguments moot.

Finally, the parties requested in their briefs a hearing, "if necessary." The undersigned has determined a hearing is unnecessary given the reasons for which it recommends the Marshal's sale be vacated. *See Deutsche Bank Nat'l v. Burtley*, 861 N.E.2d 1075, 1081 (Ill App. 20016) ("While the provision [Section 1508(b)] provides for a hearing, the extent of the hearing afforded a mortgagor is left to the sound discretion of the circuit court").

### III

For the reasons stated, *supra*, the undersigned recommends: 1) the Plaintiff United States of America's Motion to Approve the Marshal's Report and Confirm Judicial Sale (Doc. 86) be denied; 2) the Defendants Hillcrest Resort, Inc. (Hillcrest) and Terri Kosth's Motion to Vacate Marshal's Sale (Doc. 96) be granted; 3) the Court vacate the Marshal's May 7, 2019 sale; and 4) the Plaintiff be ordered to re-issue public notice of the Marshal's sale in conformity with the Court's September 28, 2017 Order and the relevant provisions of 735 ILCS 5/15-1507 and to thereafter conduct a new sale.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended*.

Entered on October 8, 2019.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE