UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15-cv-04194-SLD-JEH |
| HILLCREST RESORT, INC., TERRI L. KOSTH, JAMES R. INGHRAM, AS TRUSTEE, LYON FINANCIAL SERVICES, NIKKI KINTZ, LANUM ELECTRIC, LLC d/b/a RUSSELL ELECTRIC, ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, UNKNOWN OWNERS, AND NON-RECORD CLAIMANTS, | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff United States of America's Motion to Approve the Marshal's Report and Confirm Judicial Sale ("Motion to Confirm Sale"), ECF No. 86, Defendants Hillcrest Resort, Inc. ("Hillcrest") and Terri Kosth's ("Defendants") Motion to Vacate Marshal's Sale, ECF No. 96, Magistrate Judge Jonathan Hawley's Report and Recommendation ("R&R"), ECF No. 100, which recommends granting Defendants' motion and denying the United States' motion, and the United States' objection to the R&R, ECF No. 101. Also before the Court are the United States' Motion Requesting an Expedited Ruling, ECF No. 102, and the United States' Motion for Leave to File a Reply, ECF No. 105. For the reasons that follow, the objection is SUSTAINED IN PART and OVERRULED IN PART, and the R&R is ADOPTED IN PART and REJECTED IN PART. The Motion Requesting an Expedited Ruling and the Motion for Leave to File a Reply are GRANTED. The Court defers ruling on the remaining motions pending an evidentiary hearing.

1

**BACKGROUND**

On January 12, 1994, Hillcrest borrowed $151,000 from the Small Business Administration ("SBA"), an agency of the United States Government. *See* Note, Compl. Ex. A, ECF No. 1-1 at 1–2.[1] As security, Hillcrest granted the SBA a mortgage on the property. Mortgage, Compl. Ex. B, ECF No. 1-1 at 3–6. The mortgage was later modified to reflect an increase in the principal sum on the loan to $190,600. *See* Mod. Mortgage, Compl. Ex. D, ECF No. 1-1 at 8–9. After Hillcrest defaulted on the loan, the United States sought foreclosure of the mortgage. *See* Compl., ECF No. 1; Am. Compl., ECF No. 43.[2] The Court granted the United States' motion for summary judgment against Defendants and entered a judgment of foreclosure. Sept. 28, 2017 Order, ECF No. 69. The Court ordered that the property be sold by the United States Marshal for the Central District of Illinois at the Henry County Courthouse. *Id.* at 11–12.

On March 9, 2018, the United States filed a notice indicating that the Marshal's sale would occur on July 10, 2018. 2018 Not. Marshal's Sale, ECF No. 72. The sale did not occur on that date. On March 13, 2019, the United States filed a second notice indicating that the Marshal's sale would occur on May 7, 2019. 2019 Not. Marshal's Sale, ECF No. 74. Later, the United States filed a certificate of publication. *See* Certificate of Publication, ECF No. 75. An agent of the Star Courier Newspaper certified that notice of the sale was published in that newspaper once a week from April 2, 2019 through April 23, 2019. *Id.* The certificate contained the contents of the notice published in the newspaper. *Id.*

The sale occurred as planned on May 7, 2019. On July 22, 2019, the United States filed a certificate of purchase signed by the Marshal, which indicated that Daniel Roach had purchased

---

[1] The United States filed an Amended Complaint, ECF No. 43, but did not reattach the exhibits, instead citing to the exhibits attached to the Complaint when necessary.
[2] The Complaint and Amended Complaint list additional Defendants who have interests in the property, but they are not at issue in this order.

2

the property for $285,000 at the sale. Certificate of Purchase, ECF No. 83. The same day, the United States filed the Marshal's report of sale, which again indicated the purchaser and amount for which the property sold. Report of Sale, ECF No. 84. It also listed "[t]he total amount of indebtedness secured by the mortgage foreclosed herein and the Judgment of Foreclosure entered herein." *Id.* ¶ 4. The Marshal reported that notice was given in accordance with 735 ILCS 5/15-1507(c), that the terms of the sale were fair, that the sale was conducted fairly and without fraud, and that justice was done by the sale. *Id.* ¶ 5. On July 25, 2019, the United States filed its Motion to Confirm Sale. Defendants obtained new counsel in early August and were granted an extension of time to file a response to the motion.[3] *See* Aug. 8, 2019 Text Order. On August 30, 2019, Defendants filed both a response to the motion, Resp. Mot. Confirm Sale, ECF No. 95, and their Motion to Vacate Marshal's Sale. The Court referred the motions to Judge Hawley for a recommended disposition. He filed his R&R on October 9, 2019, recommending granting Defendants' motion and denying the United States' motion. The United States objects to the R&R.

## DISCUSSION

### I. Motion for Leave to File a Reply

"No reply to [a] response is permitted without leave of Court." CDIL-LR 7.1(B)(3). The United States argues that it seeks leave to file a reply in support of its objection to address issues raised for the first time in Defendants' response: whether it can cite to unpublished state court opinions and whether the case should be remanded to Judge Hawley for further proceedings. Mot. Leave File Reply 1. The motion is GRANTED and the Clerk is directed to file the

---

[3] Defendants' former counsel moved to withdraw in June 2019, Mot. Withdraw, ECF No. 77, but the motion was denied without prejudice with leave to renew once Defendants had obtained new counsel. *See* June 25, 2019 Minute Entry. The United States opposed withdrawal, arguing that it was "an improper attempt to further delay a case that has been pending since November 2015." Objection Mot. Withdraw 1, ECF No. 79.

3

proposed reply, ECF No. 105-1, on the docket. The Court agrees with the United States that Illinois Supreme Court Rule 23, which provides, in part, that non-precedential orders "may not be cited by any party except to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case," Ill. Sup. Ct. R. 23(e)(1), is not binding on federal courts. But the Court cannot give an unpublished case precedential effect, so where the Court cites to unpublished Illinois cases, it does so only for their persuasive value. *Cf., e.g.*, *Mandelstein v. Rukin*, No. 17-cv-9216, 2019 WL 3857886, at *7 n.7 (N.D. Ill. Aug. 16, 2019); *Netherlands Ins. Co. v. Knight*, No. 4:10-cv-04043-SLD-JEH, 2014 WL 3376873, at *2 (C.D. Ill. July 10, 2014).

## II. Report and Recommendation

### a. Legal Standard

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers de novo the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial objection, is made the district judge reviews the unobjected to portions of the recommendation for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). But the district judge may "reconsider *sua sponte* any matter determined by a magistrate judge" even if no party objects. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

### b. Analysis

Judge Hawley recommends granting Defendants' Motion to Vacate the Marshal's Sale on the basis that the United States did not give proper public notice of the sale. R&R 6–9. The

United States objects to this finding on multiple grounds. *See* Objection 2. The Court addresses this issue de novo.

### i. What Law Applies

The United States raises a question as to what law applies, *see id.* at 3, so the Court addresses this issue first. The United States brought this mortgage foreclosure action under 28 U.S.C § 1345, which provides district courts with original jurisdiction over "all civil actions, suits or proceedings commenced by the United States." *See* Am. Compl. ¶ 1. Section 1345, however, does not dictate what law the court should apply.

"'[F]ederal law governs questions involving the rights of the United States arising under nationwide federal programs,' [but] state law supplies the content of federal law unless Congress has established distinctively federal rules." *United States v. Einum*, 992 F.2d 761, 761–62 (7th Cir. 1993) (quoting *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726 (1979)). The Court, therefore, generally applies the substance of the Illinois Mortgage Foreclosure Law ("IMFL"), 735 ILCS 5/15-1101–1706. *See United States v. Torres*, 142 F.3d 962, 966–67 (7th Cir. 1998) (applying the IMFL in a foreclosure action brought by a government agency), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *United States v. LaSalle Nat'l Tr.*, 807 F. Supp. 1371, 1371 (N.D. Ill. 1992) (same). Even if federal law applied, federal law requires that a court-ordered sale of real estate "be upon such terms and conditions as the court directs." 28 U.S.C. § 2001(a). The terms of the Court's September 28, 2017 Order, which were proposed by the United States, largely track the IMFL's requirements.

### ii. Confirmation of Judicial Sale

After a property is sold pursuant to a court-ordered sale, the plaintiff must move the court to confirm the sale. 735 ILCS 5/15-1508(b). Illinois law intends to "provide stability and

permanency to judicial sales." *First Bank & Tr. Co. of O'Fallon, Ill. v. King*, 726 N.E.2d 621, 625 (Ill. App. Ct. 2000). Therefore, "[u]nless the court finds that (i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done," the court must confirm the judicial sale. 735 ILCS 5/15-1508(b). The United States moves to confirm the sale held in this case. Defendants move the Court to vacate the sale, arguing that there were deficiencies with the required notice, that the terms of the sale were unconscionable, and that justice was not done by the sale. Judge Hawley addressed the notice issue only, finding the remainder of the arguments moot.

1. Notice

The IMFL provides that, "[e]xcept as provided in subsection (c) of Section 15-1508, [which allows a party to the foreclosure suit to have the sale set aside if it was not notified of the sale as required,] no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same . . . except upon good cause shown in a hearing." *Id.* at 5/15-1508(d). This means that a court cannot vacate a sale based on deficiencies in notice to the public unless the party seeking vacatur also makes a showing of good cause for setting aside the sale. *See Cragin Fed. Bank for Sav. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 633 N.E.2d 1011, 1014 (Ill. App. Ct. 1994) ("Under the clear language of section 15-1508(d), therefore, the Hermans cannot establish that the sale was invalid merely by showing that the notice was not published on the third consecutive week. They must show 'good cause' for setting aside the sale.").

### a. Defect[4]

The IMFL requires that a public notice include, at least:

(A) the name, address and telephone number of the person to contact for information regarding the real estate;

(B) the common address and other common description (other than legal description), if any, of the real estate;

(C) a legal description of the real estate sufficient to identify it with reasonable certainty;

(D) a description of the improvements on the real estate;

(E) the times specified in the judgment, if any, when the real estate may be inspected prior to sale;

(F) the time and place of the sale;

(G) the terms of the sale; [and]

(H) the case title, case number and the court in which the foreclosure was filed.

735 ILCS 5/15-1507(c)(1); *see also* Sept. 28, 2017 Order 12–13.

Defendants argue that the public notice was deficient because it did not include a description of the improvements on the property. Mot. Vacate Marshal's Sale ¶¶ 23–29. The United States does not deny that the notice published in the Star Courier Newspaper did not contain a statement about the improvements on the property. *See* Certificate of Publication. Instead, it argues that such an omission was immaterial. Resp. Mot. Vacate 4–5, ECF No. 97; Objection 5–7. The Court disagrees. The United States cites to no Illinois case law finding that omitting a description of a property's improvements is immaterial. It cites to *Deutsche Bank National Trust v. Paige*, No. 1-12-0715, 2013 WL 3379592, at *6 (Ill. App. Ct. 2013), for that

---

[4] The only distinct federal law appears to be that four weeks of public notice is required, 28 U.S.C. § 2002, whereas Illinois law requires only three weeks of public notice, 735 ILCS 5/15-1507(c)(2). Four weeks was given here. *See* Certificate of Publication.

7

proposition. In *Paige*, however, there was not a wholesale omission of a description, but rather mere inconsistencies in how the improvements were described—a single family home versus a two-flat building. *Id.* The remainder of the cases cited by the United States involve different types of deficiencies: omission of a legal description of the property (despite inclusion of a common description), errors in the legal description, or errors in the address. *See* Objection 5–6 (citing cases). The Court is not persuaded that these cases are analogous.

The United States also argues that omissions "are only material if they negatively impacted the high bidder and value of the property," citing to *City of Chicago v. Central National Bank*, 479 N.E.2d 1040, 1046 (1st Dist. 1985). *Id.* at 7. In *Central National Bank*, 479 N.E.2d at 1045, the court held, in the context of the sale of property foreclosed under a demolition lien, that "a defective or insufficient notice does not render the sale void, or even voidable, unless the purchaser has notice of the irregularity." The United States' interpretation of this case—that it stands for the proposition that any omission in notice is material only if it negatively impacts the purchaser—is a stretch. Moreover, *Central National Bank* involved a different statutory scheme, 735 ILCS 5/12-115–116, so it is not clear that it has any relevance to this mortgage foreclosure action, which is governed by the IMFL. The Court adopts the R&R's finding that omission of this description was not immaterial.[5]

---

[5] The United States also makes arguments about the R&R that the Court finds unwarranted. Despite the de novo review, the Court briefly addresses these for clarity. For instance, the United States argues that the R&R imposes a requirement that the notice inform the public of the unique character of the property, which it argues is a "nebulous and unenforceable standard." *See* Objection 8. The R&R does not impose such a requirement; it merely agrees with Defendants' argument that the notice did not so inform the public in this case. *See* R&R 7. The United States also argues that the R&R holds that specific detailed language should have been included in the notice. *See* Objection 10–11. But the R&R does not state what information should have been included. Instead, it finds that the United States' notice included no "description whatsoever of the improvements on the real estate." R&R 7. It then conveys what Defendants suggest are the improvements. *Id.* But nowhere does it require the notice to include that precise description. How much specificity is required in a notice is not before the Court because, in this case, the United States included no description at all.

## 2. Good Cause

The United States also objects to the R&R's finding that Defendants have shown good cause to set aside the sale, as required by 735 ILCS 5/15-1508(d). Objection 3–5. That the property sold "for substantially less than its actual value could constitute 'good cause' for setting aside the sale when coupled with the lack of complete compliance with the notice provisions." *Cragin*, 633 N.E.2d at 1015. But it is the party opposing the sale's burden to prove that sufficient grounds exist to set aside the sale. *CitiMortgage Inc. v. Lewis*, 25 N.E.3d 64, 71 (Ill. App. Ct. 2014). Mere speculation that the property was sold for less than its actual value is not sufficient. *GMB Fin. Grp., Inc. v. Marzano*, 899 N.E.2d 298, 314–15 (Ill. App. Ct. 2014), *overruled on other grounds by BAC Home Loans Serv., LP v. Mitchell*, 6 N.E.3d 162 (Ill. 2014).

The parties have introduced conflicting evidence regarding the value of the property. Defendants have provided a broker opinion of value from NAI Ruhl Commercial Company, which estimates that the property is worth between $625,000 and $700,000. Broker Opinion of Value 4, Mot. Vacate Marshal's Sale Ex. C-4, ECF No. 96-7. The United States points to a sworn statement that Daniel Kosth, Hillcrest's president, made in Hillcrest's bankruptcy suit about the property's value. Based on an appraisal, he valued the property at $425,000. *See* Schedule A/B: Assets – Real & Personal Property 4, Resp. Mot. Vacate Ex. 2, ECF No. 97-2.

Illinois courts have held that an evidentiary hearing should be held "if there is an allegation of a current appraisal or other current indicia of value which is so measurably different than the sales price as to be unconscionable." *Resolution Tr. Corp. v. Holtzman*, 618 N.E.2d 418, 425–26 (Ill. App. Ct. 1993). Here, the parties need only show that the property sold for substantially less than its value, but the Court applies the same principle. Defendants have presented a current indicia of value which would show that the property sold for substantially

9

less than its value and, therefore, an evidentiary hearing is warranted to further develop the facts. *See JP Morgan Chase Bank v. Fankhauser*, 890 N.E.2d 592, 603 (Ill. App. Ct. 2008) (finding that an evidentiary hearing was necessary because the party opposing the sale provided a broker's opinion as to the value of the property, which was drastically higher than the sale price). The Court rejects the R&R to the extent that it recommends finding good cause established without an evidentiary hearing.

### iii. Other Arguments for Vacating the Sale

#### 1. Notice to Non-Defaulted Parties

The Court briefly addresses Defendants' other arguments for vacating the sale. First, Defendants argue that they did not receive notice as required by the IMFL. Mot. Vacate Marshal's Sale ¶¶ 13–19. The IMFL provides:

> If any sale is held without compliance with subsection (c) of Section 15-1507 of this Article, any party entitled to the notice provided for in paragraph (3) of that subsection (c) who was not so notified may, by motion supported by affidavit made prior to confirmation of such sale, ask the court . . . to set aside the sale.

735 ILCS 5/15-1508(c). Subsection (3) of section 15-1507(c) requires the party giving public notice of the sale to also "give notice to all parties in the action who have appeared and have not theretofore been found by the court to be in default for failure to plead." "Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sale." *Id.*; *see also* Sept. 28, 2017 Order 13. Any party asking the court to set aside the sale because it did not receive notice "shall guarantee or secure by bond a bid equal to the successful bid at the prior sale." 735 ILCS 5/15-1508(c).

Defendants argue that they were not provided notice within the required time period because the notice of sale was filed fifty-five days prior to the judicial sale. The United States

10

argues that the certificate of publication, which was filed within the requisite time period, was sufficient to give Defendants the required notice. *See* Resp. Mot. Vacate 3. Defendants disagree, arguing that it is obvious the certificate of publication "was not intended to" serve as notice to the parties. Defs.' Reply ¶ 10, ECF No. 99. They do not cite any law to support their position that the certificate of publication—which includes the full notice of sale—cannot serve as the required notice. All the law requires is that the party giving notice give notice to non-defaulting parties in the manner provided for by court rules. *See* 735 ILCS 5/15-1507(c)(3). The law also requires that a copy of the notice be filed with the court "together with a certificate of counsel or other proof that notice has been served in compliance with this section." *Id.* Although no certificate of counsel was filed with the certificate of publication, the Court's notice of electronic filing provides the Court with sufficient proof that the notice was served upon Defendants' counsel electronically, which is allowed under the Court's Local Rules. *See* CDIL-LR 5.3(A). The Court finds that notice was given to Defendants in compliance with the IMFL.

Even if the Court were to find that proper notice was not given, the law requires that the party entitled to notice guarantee a bid equal to the successful bid at the prior sale. Defendant Kosth purports to provide a guaranty, *see* Kosth Guaranty, Mot. Vacate Ex. B, ECF No. 96-2, but the Court finds it ineffective. The guaranty states that Kosth agrees to pay a maximum amount of $285,000, provided that certain conditions are met. *See id.* at 1–2. One condition is that "[t]he Court in the Litigation enters a ruling that that [sic] the Notice did comply with the requirements of § 15-1507." *Id.* at 2. If this condition were met, then Kosth would not be entitled to have the sale set aside and the guaranty would not be necessary.

### 2. Price was Grossly Inadequate

Defendants also argue that the sale price of $285,000 is grossly inadequate and that this provides sufficient grounds for vacating the sale even without considering the defects in notice. Mot. Vacate Marshal's Sale ¶ 39. The Court will address this argument after the evidentiary hearing.

### 3. Justice Was Not Done

Lastly, Defendants argue that justice was not done because the United States moved ahead with a judicial sale in violation of an agreement between the parties. *Id.* ¶¶ 44–54. The provision which allows a court to set aside a sale if justice was not done "codif[ies] the long-standing discretion of the courts of equity to refuse to confirm a judicial sale." *Wells Fargo Bank, N.A. v. McCluskey*, 999 N.E.2d 321, 327 (Ill. 2013) (referring to 735 ILCS 5/15-1508(b)(iv)). Courts have "the power to vacate a sale where unfairness is shown that is prejudicial to an interested party." *Id.* Generally, courts require that the unfairness be caused by the lender, rather than the party seeking to vacate the sale. *Id.*

Defendants provide email documentation between their former counsel and counsel for the United States which shows that, in June 2018, the parties came to an agreement that the United States would delay the sale date until March 1, 2019 or later if certain conditions were met, including that Defendants pay property taxes as due, pay the cost of publication for the upcoming sale that would be postponed, and make specified payments toward the loan. *See* Emails, Mot. Vacate Ex. C-1, ECF No. 96-4. Specifically, the agreement required Defendants to "[p]ay the SBA $1,250 per month, by the 5th of each month, beginning on 10 5 18 through Feb 2019 or until the judgment is paid in full." *Id.* at 2. The agreement also required Defendants to notify the United States of any offers on the Kosths' home, to accept any offers of $260,000 or

more, and to use any proceeds from such a sale to pay the judgment in this case. Defendants argue that they complied with all conditions, even paying $1,250 in March 2019, which the United States accepted, and that the United States therefore breached the agreement by moving forward with the sale.

The Court is not persuaded. Defendants suggest that the inclusion of "or until the judgment is paid in full" means that the United States' "intent was that this agreement could continue, literally, for years after February 28, 2019 since the judgment balance was close to $200,000." Mot. Vacate ¶ 51. This is belied by the fact that the United States only agreed to delay the sale until March 1, 2019 or after. The "until the judgment is paid in full" language clearly addresses the situation that would arise if Defendants paid off the judgment prior to the last payment being due in February 2019, either by paying more than $1,250 monthly or by applying the proceeds from selling the Kosths' home to the judgment. The Court will not read Defendants' suggested absurdity into the agreement. *See Foxfield Realty, Inc. v. Kubala*, 678 N.E.2d 1060, 1063 (Ill. App. Ct. 1997) ("Courts will construe a contract reasonably to avoid absurd results."). The United States did not hold the sale prior to March 1, 2019, so it did not breach the parties' agreement. This does not provide a reason to vacate the sale.

## CONCLUSION

Accordingly, the United States' objection, ECF No. 101, is SUSTAINED IN PART and OVERRULED IN PART and the Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendation, ECF No. 100. The Motion for Leave to File a Reply, ECF No. 105, is GRANTED. The Clerk is directed to file the reply, ECF No. 105-1, on the docket. The Court defers ruling on the Motion to Approve the Marshal's Report and Confirm Judicial Sale, ECF No. 86, and the Motion to Vacate Marshal's Sale, ECF No. 96. The Motion Requesting an

Expedited Ruling, ECF No. 102, is GRANTED.  The Court sets the matter for an evidentiary hearing on November 25, 2019 at 10:30 a.m. at the United State Courthouse for the Southern District of Iowa located at 131 E. 4th Street Davenport, Iowa 52801.  The parties should be prepared to present evidence regarding the value of the property and the amount of indebtedness still secured by the mortgage.

      Entered this 18th day of November, 2019.

                                                s/ Sara Darrow
                                             SARA DARROW
                          CHIEF UNITED STATES DISTRICT JUDGE